


**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

HENRY SKEETER, #368145,

Petitioner,

v. ACTION NO. 2:09cv124

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Henry Skeeter was convicted in the Circuit Court for the City of Portsmouth on June 8, 2006, of possession with intent to distribute heroin. Petitioner was sentenced to a term of nine years imprisonment.

Petitioner's appeal of his convictions to the Virginia Court of Appeals was denied initially and by a three-judge panel of the court. The Supreme Court of Virginia refused Petitioner's petition

for appeal on March 7, 2008. Petitioner then filed a habeas petition in the Supreme Court of Virginia, which was dismissed on January 16, 2009.

Petitioner, presently in the custody of the Virginia Department of Corrections at Lunenburg Correctional Center in Victoria, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 19, 2009. On May 20, 2009, the Respondent filed a Motion to Dismiss and Rule 5 Answer to which Petitioner did not respond. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective assistance of counsel due to counsel's failure to:

(1) request the disclosure of the confidential informant used to secure probable cause for the search warrant; and

(2) file the transcript of the suppression hearing for the record on appeal.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

Petitioner exhausted Grounds (1) and (2) as required by 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Petitioner's claims are

exhausted because they were presented to the Supreme Court of Virginia in a post-conviction habeas proceeding. Accordingly, this Court now turns to the merits of Petitioner's claim.

**B. Merits**

Petitioner's claims were previously adjudicated by the Supreme Court of Virginia, and none of the statutory exceptions that allow this Court to grant relief on the claims apply. Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the Supreme Court of Virginia to analyze the petitioner's claims under a two-prong test: competence and prejudice. To have granted relief, the Supreme Court of Virginia would have to have found that (1) petitioner's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at

690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test). Further, this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to recommend granting Petitioner's relief on his ineffective assistance of counsel claims, this Court must find that the Supreme Court of Virginia's dismissal of his claims was an unreasonable application of Strickland.

Both of Petitioner's ineffective assistance of counsel claims were raised in his habeas corpus petition to the Supreme Court of Virginia. In Ground (1), Petitioner argues his counsel was ineffective for failing to request the disclosure of the confidential informant mentioned in the search warrant. (Pet. at 15-18.) The Supreme Court of Virginia held Petitioner's counsel's decision not to require the disclosure of the confidential informant was a reasonable trial strategy, which allowed counsel to argue that "the police officer's affidavit underlying the search warrant was a false statement made with reckless disregard for the truth." (Resp. Ex. 7 at 2.)

In Ground (2), Petitioner asserts his counsel was ineffective for failing to file the transcript of the suppression hearing for the record on appeal. (Pet. at 28-29.) The Supreme Court of Virginia held that the records from the Court of Appeals and the Supreme Court of Virginia demonstrate that the suppression hearing transcripts were properly filed. Id. at 2. In making these determinations, the Supreme Court of Virginia clearly articulated its application of Strickland to the facts in Grounds (1) and (2). Therefore, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. There is no indication from the record that the Supreme Court of Virginia's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law, nor has it resulted in a decision that was based on an unreasonable determination of the facts.

Therefore, this Court recommends dismissing Grounds (1) and (2) of Petitioner's petition.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Petitioner's petition for writ of habeas corpus be DENIED and the Respondent's Motion to Dismiss be GRANTED.

Petitioner has failed to demonstrate a "substantial showing of the denial of a constitutional right;" therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
August 6, 2009

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Henry Skeeter, # 368145
Lunenburg Correctional Center
P.O. Box Y, Route 49
Victoria, VA 23974

Joshua M. Didlake, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk
By [signature]
Clerk of the Court
August 6, 2009